People v McClenic (2025 NY Slip Op 05532)

People v McClenic

2025 NY Slip Op 05532

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

[*1]The People of the State of New York, respondent,
v
Daryle McClenic, appellant. (Ind. Nos. 71949/22, 72659/23)

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (David L. Glovin and Francine R. Michel of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Nassau County (Howard E. Sturim, J.), both rendered October 15, 2024, convicting him of criminal possession of a weapon in the second degree under Indictment No. 71949/22, and attempted murder in the second degree (two counts) under Indictment No. 72659/23, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not knowing, intelligent, and voluntary in light of, inter alia, the United States Supreme Court's decision in Erlinger v United States (602 US 821) is unpreserved for appellate review, as he did not move to withdraw his pleas or otherwise raise the issue before the County Court (see People v Munoz, 237 AD3d 1110, 1111; People v Mujica, 236 AD3d 677, 677). An exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his pleas (see People v Gioia, 240 AD3d 511; People v Mujica, 236 AD3d at 677).
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court